IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-214-BO

| | |
|---|---|
| DARNELL JOYCE ELAINE SIMMONS, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CAPE FEAR COMMUNITY COLLEGE, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff Darnell Joyce Elaine Simmons's *pro se* motion to reopen this case and for relief under Fed. R. Civ. P. 60(b). Defendants have responded, plaintiff has replied, and the motion is ripe for ruling.

## BACKGROUND

Plaintiff contends that defendants violated Title VII of the Civil Rights Act of 1964 by her "co workers [*sic*] malicious behavior due to [her] race." Following review under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed plaintiff's complaint by order entered November 12, 2015, for failure to state a claim. Plaintiff filed a notice of appeal on September 29, 2016, and her appeal was dismissed as untimely by the court of appeals on February 21, 2017. The Court denied a previously filed motion to reopen case by order entered May 3, 2017. Plaintiff filed the instant motion on June 16, 2017. Plaintiff contends that due to a clerical error in the clerk's office plaintiff did not file an appeal under Rule 60(b) on September 29, 2016, as she had intended. Plaintiff contends that under the one-year time period for filing a motion under Fed. R. Civ P. 60(b), her "Rule 60(b) appeal" filed on September 29, 2016, would have been timely.

## DISCUSSION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(1) mistake, inadvertence, or neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) movant must demonstrate as a threshold matter "the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). A motion under Rule 60(b) must also be timely filed and the opposing party must not be unfairly prejudiced by having the judgment set aside. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation omitted).

Plaintiff has failed to overcome the threshold requirement that she have a meritorious claim or defense. In the instant motion, she complains that she was provided with the incorrect form by the court clerk when she requested to file an appeal under Rule 60(b). Because plaintiff indicated that she sought to appeal this court's judgment, she was provided with a notice of appeal to the court of appeals. Plaintiff claims that because of this error by the clerk, plaintiff was unable to file a Rule 60(b) motion in this Court within one-year from the date of entry of judgment.

Even if plaintiff had timely filed a Rule 60(b) motion, however, she has failed to demonstrate that relief would be warranted. In the instant motion she makes no argument which would support relief. In her prior motion, which was denied as untimely, plaintiff contends that dismissal of her complaint has had adverse effects on her. Plaintiff has failed to identify any basis upon which this Court would provide relief from judgment and reopen this case. Plaintiff has not demonstrated the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6) and her motion is properly denied. *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

## CONCLUSION

For these reasons, plaintiff's motion to reopen case [DE 20] is DENIED.

SO ORDERED, this _20_ day of September, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE